Filed 3/14/24  MWL Solutions v. Occupational Safety and Health Appeals Bd. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| MWL SOLUTIONS, INC. et al., | C097353 |
| Plaintiffs and Appellants, | (Super. Ct. No. 34-2020-800003549-CU-WM-GDS) |
| v. | |
| OCCUPATIONAL SAFETY AND HEALTH APPEALS BOARD, | |
| Defendant and Respondent, | |
| DEPARTMENT OF INDUSTRIAL RELATIONS, | |
| Real Party in Interest and Respondent. | |

Plaintiffs MWL Solutions, Inc., Hampton Tedder Electric, and BMC West LLC, challenge respondent Occupational Safety and Health Appeals Board's (Board) 2020 "unilateral promulgation and implementation of new rules of hearing procedures" requiring that hearings be held by videoconference.  (Italics & underscoring omitted.)

1

We hold the Administrative Procedure Act's existing adjudication provisions permitted the Board to conduct videoconference hearings. (Gov. Code,[1] § 11400 et seq.) We thus affirm.

FACTUAL AND PROCEDURAL BACKGROUND[2]

In March 2021, plaintiffs each filed the operative petition for writ of mandamus with the superior court (writ petitions). Each petition made substantially similar allegations: the Department of Industrial Relations, Division of Occupational Safety and Health issued citations, plaintiffs appealed the citations, the Board issued a notice that hearings would be held by videoconference, plaintiffs filed objections to the hearings being held by videoconference, administrative law judges overruled the objections, plaintiffs petitioned the Board for reconsideration, and the Board denied these reconsideration petitions. The writ petitions asserted the Board's mandate that hearings take place by videoconference constituted an underground regulation and requested the trial court declare the hearing procedure invalid, end videoconference hearings, and to ultimately set aside the Board's denial of the reconsideration petitions. The writ petitions did not state whether the hearings had yet occurred as of their filing dates in March 2021.

The Board filed a motion for judgment on the pleadings as to each writ petition. On October 3, 2022, the trial court granted the Board's motion and dismissed the case.

---

[1]     Undesignated section references are to the Government Code.

[2]     The parties make several requests for judicial notice. Some documents are incomplete and therefore insufficient to authenticate for the purpose plaintiffs assert. Other documents are not relevant to our resolution of this appeal, such as documents filed during plaintiffs' administrative hearings they believe are missing from the record, the Board's agendas, and documents pertaining to the Board's rules adoption. The remaining documents are legal authority not requiring judicial notice for our review, such as the Governor's executive orders, Law Revision Commission comments, and floor analysis by the Senate Judiciary Committee. (See *Gionfriddo v. Major League Baseball* (2001) 94 Cal.App.4th 400, 410, fn. 7 [" 'A request for judicial notice of published materials is unnecessary. Citation to the materials is sufficient' "].) We therefore deny the requests.

The court noted there was no dispute the hearings had not yet taken place. Thus, it found changes made to the Government Code on January 1, 2022, applied to the Board and permitted the Board to hold videoconference hearings.

Plaintiffs appeal.

DISCUSSION

I

*The Record Is Unclear As To Hearing Dates*

The timing of the relevant hearings is important to determine the applicable legal authority, but the timing of the hearings is not clear from the record, the parties' briefs, or from statements made in oral argument. The trial court found on October 3, 2022, that the parties did not dispute the hearings had not yet taken place. However, plaintiffs mention in their brief that plaintiff MWL Solutions, Inc.'s matter was subject to videoconference hearings "on several days in 2021." But plaintiffs fail to cite to the record or judicially noticeable documents to support this assertion. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 ["To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error"].) MWL Solutions, Inc.'s March 2021 writ petition also does not state its hearing had been held and again, none of the plaintiffs contested the assertion that the hearings had not yet taken place as of October 2022; plaintiffs also do not contest this finding on appeal.

As for the other two entities, plaintiffs state in their reply brief that the hearings for Hampton Tedder Electric and BMC West LLC occurred in 2023. Counsel made similar assertions in oral argument. Plaintiffs provide a document purporting to be pages from transcripts of these hearings to establish these hearings occurred. We have declined to take judicial notice of these documents for their incompleteness, but even if we did consider these documents, their incompleteness prohibits establishing with certainty what

3

occurred because plaintiffs provide only the first and final pages of the transcripts and do not include the actual content of the hearings.

There are several potential sources of legal authority applicable to this appeal depending on the hearings' dates. Both parties discuss the Governor's Executive Order N-63-20, which suspended in-person hearing requirements as of May 7, 2020. (Governor's Exec. Order No. N-63-20 (May 7, 2020) ¶ 11.) But that order expired on September 30, 2021, which, as we have described, appears to have been before the hearings at issue here took place. (Governor's Exec. Order No. N-08-21 (June 11, 2021) ¶ 55.) Both parties also discuss a regulation the Board passed that specifically allows videoconference hearings. But this regulation became effective in July 2023. (Cal. Code Regs., tit. 8, § 376, subd. (d), Register 2023, No. 17.) This regulation may be applicable to some or all of the hearings, and may even render moot some or all of the petitions. The timing of the hearings may also present an exhaustion of administrative remedies issue, as the Board argues. But from the state of the record, we are unable to fully assess these issues.

Thus, we will presume for purposes of this opinion, like the trial court did, that all hearings took place after October 2022. Further, given the above considerations, we also assume they occurred before July 2023. We consequently address the applicable legal issues as applied to hearings occurring in that timeframe.

II

*The Trial Court Did Not Err In Denying The Writ Petitions*

Plaintiffs challenge the trial court's order denying their writ petitions, arguing that the Board's regulations did not permit videoconference hearings and any Government Code section permitting videoconference hearings was not applicable to the Board. Thus, they argue, the procedure requiring videoconference hearings constituted an underground regulation. We disagree.

4

When reviewing a motion for judgment on the pleadings, "we independently determine whether, on the state of the pleadings and any matters that may be judicially noticed, it appears the Board was entitled to judgment as a matter of law. [Citation.] In doing so, ' "[a]ll properly ple[d], material facts are deemed true, but not contentions, deductions, or conclusions of fact or law." ' [Citation.] [¶] To the extent our review requires interpretation of statutory language, we are also presented with a legal issue subject to de novo review. [Citation.] We are not bound by the interpretation applied by an administrative agency or by the trial court. [Citation.] 'Instead, we make an independent review of any questions of law necessary to the resolution of this matter on appeal.' " (*Ventura Coastal, LLC v. Occupational Safety & Health Appeals Bd.* (2020) 58 Cal.App.5th 1, 14.)

The Board's regulations did not specifically address videoconference hearings. When the hearings at issue were supposed to take place, the Board's regulations relating to hearing locations simply stated the "Board shall set the place of the hearing at a location as near as practicable to the place of employment where the violation is alleged to have occurred." (Cal. Code Regs., tit. 8, § 376, former subd. (d), Register 2012, No. 6.)

The administrative adjudication provisions of the Administrative Procedure Act (Adjudication Provisions) under chapter 4.5 (commencing with § 11400) contain a hearing provision permitting videoconference hearings. Section 11440.30 states, in part: "The presiding officer may conduct all or part of a hearing by telephone, television, or other electronic means if each participant in the hearing has an opportunity to participate in and to hear the entire proceeding while it is taking place and to observe exhibits." (§ 11440.30, subd. (a).) This section previously disallowed these methods if a party objected to them. (§ 11440.30, former subd. (b); Stats. 2021, ch. 401, § 13.) However, as of January 1, 2022, if a party objects "to a hearing being conducted by electronic means, the presiding officer shall consider the objections and may, in the presiding

officer's discretion, structure the hearing to address the party's specific objections." (§ 11440.30, subd. (b)(2), as amended by Stats. 2021, ch. 401, § 13.) Consequently, section 11440.30 now permits electronic hearings even if a party objects. (See Asimow et al., Cal. Practice Guide: Administrative Law (The Rutter Group 2023) ¶ 6:425 ["§ 11440.30 was amended to codify the [presiding officer's] authority to hold a [t]ier 1 or [t]ier 2 hearing by electronic means, even if a party objects"].)

Section 11440.30's application to the Board is the central question in this appeal. The Adjudication Provisions generally apply to "all agencies of the state" unless expressly provided otherwise by statute. (§ 11410.20, subd. (a).) And they specifically apply "to a decision by an agency if . . . an evidentiary hearing for determination of facts is required for formulation and issuance of the decision." (§ 11410.10.) Further, section 11415.10, subdivision (a) within the Adjudication Provisions, states an agency's governing procedure is "determined by the statutes and regulations applicable to that proceeding. If no other governing procedure is provided by statute or regulation, an agency may conduct an adjudicative proceeding under" the Adjudication Provisions. Additionally, the Adjudication Provisions "supplement[] the governing procedure by which an agency conducts an adjudicative proceeding." (§ 11415.10, subd. (b).)

Section 11440.30 applies to the Board since it supplements the Board's governing procedure. The relevant decisions required evidentiary hearings and no statute applicable to the Board exempts it from the Adjudication Provisions. The Adjudication Provisions consequently apply, and section 11415.10 makes the Adjudication Provisions an optional backstop for the Board. Under section 11415.10, subdivision (a), if the agency has no governing procedure, the agency may use these provisions. Under section 11415.10. subdivision (b), if the agency does have a governing procedure, the Adjudication Provisions may supplement that procedure. This case falls under the second scenario. The Board had a hearing procedure, and it did not specifically bar videoconference hearings or provide for circumstances when videoconference hearings could be

6

conducted; it was silent on the matter. Thus, section 11440.30 supplemented the Board's governing procedure to permit and govern videoconference hearings. And since the hearings at issue did not occur before January 1, 2022, the changes to section 11440.30 permitting agencies to hold videoconference hearings even over the objection of a party apply here.

Plaintiffs contend the language "[i]f no other governing procedure is provided" in section 11415.10 means the Adjudication Provisions apply only if the agency has no other adjudicative procedure at all. But that is under subdivision (a) and ignores the "supplements" language in subdivision (b) clearly applying to an existing "governing procedure by which an agency conducts an adjudicative proceeding." (§ 11415.10, subd. (b).) The Adjudication Provisions would have nothing to supplement if an agency had no procedure at all.

The Law Revision Commission comments to section 11415.10 also do not support plaintiffs' arguments, contrary to their assertions otherwise. Though not legislatively created, "Law Revision Commission comments are usually a reliable guide to legislative intent." (*California Youth Authority v. State Personnel Bd.* (2002) 104 Cal.App.4th 575, 588.) These comments explain: Section 11415.10, "[s]ubdivision (b) makes clear that the provisions of this chapter supplement the *applicable* hearing procedure. . . . For example, the informal hearing procedure provided in this chapter does not replace an agency's own informal hearing procedure, but offers a *supplemental alternative*. Likewise, the emergency decision procedure does not replace an agency's own procedures for interim suspension or other immediate action, but provides an *alternative means* of proceeding that *an agency may wish to use*." (Cal. Law Revision Com. com., 32D pt. 1 West's Ann. Gov. Code (2018 ed.) foll. § 11415.10, p. 375, italics added.) This supports our interpretation that if an agency has a governing procedure, it may still use the Adjudication Provisions to supplement those procedures as an alternative.

7

Plaintiffs also rely on a Public Employment Relations Board decision that found the Administrative Procedure Act "allows an agency to forego adopting a specific regulation on the subject and instead determine on a case-by-case basis whether to apply section 11440.30 to a particular hearing."  (*City of Torrance* (2009) PERB Dec. No. 2004-M, p. 11 [33 PERC ¶ 43].)  Plaintiffs ignore the language directly contradicting their position and focus on "case-by-case" to assert section 11440.30 can only be applied in isolated situations, not in a "wholesale change in procedures applying to all, or even a group of adjudications."  But no language exists in section 11440.30, or elsewhere in the Adjudication Provisions, disallowing its application to multiple cases.  Instead, the Adjudication Provisions apply to all agency decisions requiring an evidentiary hearing unless exempted by statute.  (§§ 11410.10, 11410.20, subd. (a).)  The Public Employment Relations Board also did not express such a restriction.  The use of "case-by-case" affirmed the administrative law judge's use of an alternative hearing method for one witness and not others in that particular case; it did not consider the issue presented here.  (*City of Torrance*, at p. 11 ["[a]s a result, the [administrative law judge] did not err in admitting Lee's telephonic testimony over the [c]ity's objection"].)  Thus, again, plaintiffs cited law does not support their position but does the opposite.

Finally, plaintiffs argue at great length that the Administrative Procedure Act's rulemaking procedures under chapter 3.5 (Gov. Code., § 11340 et seq.) are the relevant legal authority, not the Adjudication Provisions under chapter 4.5.  They rely on Labor Code section 148.7 that states the Board "may adopt, amend, or repeal rules of practice and procedure pertaining to hearing appeals . . . in accordance with the provisions of [c]hapter 3.5 (commencing with [s]ection 11340) of [p]art 1 of [d]ivision 3 of [t]itle 2 of the Government Code."  Because the Board did not follow these procedures in adopting the videoconference hearing procedure, they argue the videoconference hearing procedure was an underground regulation.  But the Board was not adopting or modifying its rules of procedure, it was applying existing procedure contained in the Adjudication

Provisions. As stated by the Public Employment Relations Board, the Administrative Procedure Act "allows an agency to forego adopting a specific regulation." (*City of Torrance*, *supra*, PERB Dec. No. 2004-M, p. 11.) The Law Review Commission comments to Government Code section 11415.10 agree: Agencies may apply the Adjudication Provisions "without further action." (Cal. Law Revision Com. com., 32D pt. 1 West's Ann. Gov. Code, *supra*, foll. § 11415.10, p. 375.) We thus reject plaintiffs' prolonged argument seeking to demonstrate the Board's adoption of Government Code section 11440.30 is an underground regulation.

The Board consequently had legal authority to conduct the hearings subject to the writ petitions by videoconference under section 11440.30. Accordingly, we see no reason to reverse the Board's orders on plaintiffs' writ petitions.

### DISPOSITION

The judgment is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


/s/
ROBIE, Acting P. J.


We concur:


/s/
DUARTE, J.


/s/
KRAUSE, J.

9